UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| HAIDER SALAH ABDULRAZZAK,<br><br>Plaintiff,<br><br>vs.<br><br>J.C. SMITH, DUSTI WERNER, JUSHUA J. KAUFMAN, F/N/U BERTSCH, and JOHN DOE 2,<br><br>Defendants. | 4:17-CV-04058-KES<br><br><br><br>AMENDED ORDER DENYING IN PART AND GRANTING IN PART MOTION TO AMEND AND MISCELLANEOUS OTHER MOTIONS |

## INTRODUCTION

Plaintiff, Haider Salah Abdulrazzak, is an inmate at the Mike Durfee State Prison in Springfield, South Dakota. He filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Abdulrazzak was later granted permission to amend his complaint. Docket 13. He now has filed multiple motions to amend his complaint again. Dockets 17,18, 31, 44. The court grants Abdulrazzak's motions in part and denies the motions in part. The court also directs service in part.

## FACTUAL BACKGROUND

The pertinent facts are set forth in the initial screening order at docket 13.

**LEGAL STANDARD**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend his pleadings once without court authorization if the motion is made within 21 days after service or within 21 days after service of a responsive pleading. "In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15 (a)(2). A motion to amend may be denied when the motion would cause undue delay, is made in bad faith or based on a dilatory motive on the part of the movant, or is futile. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). Leave of court is required here, because Abdulrazzak has previously amended his complaint.

Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 1915A(b).

**DISCUSSION**

Abdulrazzak has labeled the document at Docket 31-1 as his second amended complaint. The court will screen this document to determine if the motion to amend should be granted.[1]

---

[1] Dockets 17 and 18 are captioned as motions to amend the complaint. Local Rule 15/1 requires "any party moving to amend a pleading [to] attached a copy of the proposed amended pleading to its motion to amend[.]" Because Abdulrazzak did not comply with this rule, the court denies his motions at amend at dockets 17 and 18. Furthermore, it appears he has incorporated those changes into what he calls his second amended complaint at docket 31-1.

## I. Count I

In Count I, Abdulrazzak raises claims under the First, Fifth, Eighth, and Fourteenth Amendments against South Dakota Secretary of Corrections (SD DOC) Dennis Kaemingk, SD DOC Policy Maker Aaron Miller, the SD Board of Pardons and Paroles (the Board), and the Director of the Board Doug Clark. Docket 31-1 at 4. Abdulrazzak states that he brings these claims against defendants "as municipalities" and against the Parole Board members, who he claims "adopted an unconstitutional arbitrary and discriminatory act." *Id.* He alleges that there is a policy to discriminate against him as a non-citizen of the United States. *Id.* He alleges that the policy required him to admit his guilt and participate in sex offender treatment, requirements that were not in his original parole agreement. *Id.*

First, with regard to the claims against Kaemingk, Miller, and Clark, the court addressed this claim previously in its order at Docket 13. The second amended complaint still alleges that the defendants are "municipalities." The defendants are not "municipalities." Municipalities are cities or towns—none of these defendants are cities or towns. Even if they were, a municipality may only be liable for a violation of constitutional rights if the violation was caused by its customs or policies. *Crawford v. Van Buren Cty.*, 678 F.3d 666, 669 (8th Cir. 2012) (quoting *Rynders v. Williams*, 650 F.3d 1188, 1195 (8th Cir. 2011)). Abdulrazzak does not point to a custom or policy that was adopted by a city or town that violated his rights.

Second, Abdulrazzak alleges that the Parole Board members "adopted an unconstitutional arbitrary and discriminatory act by parole officer, where unlike U.S. Citizens, she required me to participate in a sex offender treatment and to admit the guilt almost 2 years into my initial parole release on 6/25/2014." Docket 31-1 at 4. He alleges that defendants adopted such custom to save the Department of Corrections money on rehabilitation programming. Abdulrazzak does not identify an official policy or custom that was adopted by the Parole Board. Instead, he references the actions of one parole officer. He does not explain how his citizenship status or nationality changed and caused the Parole Board members to begin discriminating against him two years after his initial parole release. Therefore, Abdulrazzak fails to state a claim upon which relief may be granted, and it would be futile to allow him to amend Count I.

## II.   Count II

In Count II, Abdulrazzak raises claims under the First, Fifth, Eighth, and Fourteenth Amendments against Warden Robert Dooley, Deputy Warden Susan Jacobs, and Unit Staff Member Kim Lippincott. Docket 31-1 at 6. Abdulrazzak claims that Dooley, Jacobs, and Lippincott violated his rights by failing to discuss the requirements of parole that were subsequently added. *Id.* He alleges that they discussed the parole requirements with United States citizens. *Id.* He also alleges that if defendants had discussed these parole requirements with him, he would have invoked his Fifth Amendment rights.

*Id.* He adds no new allegations regarding these defendants as compared to his first amended complaint.

As this court previously found, based on the titles of these defendants, it appears that they are prison employees, and such defendants generally are not liable in claims concerning parole. *See Munson v. Norris*, 435 F.3d 877, 879-80 (8th Cir. 2006) (upholding dismissal of prisoner's claims that he was being forced to admit to crimes he was convicted of in sex offender treatment because he sued prison officials who had no authority over prison conditions).Thus, it would be futile to allow Abdulrazzak to amend his complaint to add this claim against Dooley, Jacobs and Lippincott.

Abdulrazzak moves to add defendants Board of Pardons and Paroles, Parole Board Director, Parole Officer Supervisor and Parole Officer (Dusti Werner) and Treatment Providers (Dakota Psychological Services, LLC, and Joshua Kaufman) as named defendants in Count II. With regard to the Board of Pardons and Paroles, it is well established that " 'in the absence of consent[,] a suit in which the [s]tate or one of its agencies or departments is named as [a] defendant is proscribed by the Eleventh Amendment.' " *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 645 U.S. 89, 100 (1984)). Thus, it would be futile to add the Board of Pardons and Paroles as a named defendant.

With regard to the Parole Board Director and the Parole Officer Supervisor, the proposed second amended complaint does not allege that they

5

had personal involvement in the alleged deprivation of Abdulrazzak's constitutional rights. "A supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994). Thus, it would be futile to add the two supervisors as named defendants in Count II.

Next, the court will discuss the new allegations against the parole officer. In *McKune v. Lile*, 536 U.S. 24 (2002) (plurality opinion), a plurality of the Supreme Court held that prison officials did not violate a prisoner's Fifth Amendment rights when they changed the prisoner's privilege status level and moved him to a maximum-security facility after he refused to participate in a sexual abuse treatment program, which required him to admit all prior improper sexual activities without guaranteed immunity. *Id.* at 36. The Court found that these consequences were not severe enough to constitute "compulsion" for purposes of the Fifth Amendment right against self-incrimination. *Id.* There, the plaintiff complained he would be transferred and lose privileges, but the Court observed that his decision would "not extend his term of incarceration" or affect his parole eligibility. *Id.* at 38.

The Eighth Circuit Court of Appeals discussed *McKune* in *Entzi v. Redmann*, 485 F.3d 998 (8th Cir. 2007). There, Entzi claimed that his probation officer compelled him to be a witness against himself by filing a petition to revoke his probation when it was discovered that Entzi had not finished the sex offender treatment. *Id.* at 1001. The state did not revoke Entzi's probation, but Entzi did have to pay an attorney to defend him in the

revocation process. *Id.* at 1002. The Eighth Circuit found that this did not constitute compulsion. *Id.*

The Eighth Circuit found that, even assuming the probation officer's actions constituted compulsion, Entzi did not have a cause of action for damages under § 1983. *Id.* "[T]he general rule is that a person has no claim for civil liability based on the Fifth Amendment's guarantee against compelled self-incrimination unless compelled statements are admitted against him in a criminal case." *Id.* (citing *Chavez v. Martinez*, 538 U.S. 760, 767 (2003)). The "core guarantee" of the self-incrimination clause is evidentiary. *Id.* (citing *Chavez*, 538 U.S. at 778). Although the court "left open the possibility that a 'powerful showing' might persuade [it] to expand the protection of the self-incrimination clause to the point of civil liability," an expansion of the clause should not be implemented through money damages. *Id.* (quoting *Chavez*, 538 U.S. at 778) (citation omitted).

The Eighth Circuit found that Entzi had made no showing that evidentiary protections were inadequate to protect his constitutional rights. *Id.* at 1002-03. Here, Abdulrazzak alleges more serious consequences than paying an attorney to defend him: he alleges his parole was actually revoked. This was one of the consequences the Supreme Court stated may violate a prisoner's rights in *McKune. See Bradford v. Mo. Dep't of Corr.*, 46 F. App'x 857, 858 (8th Cir. 2002) (finding prisoner stated a claim under *McKune* by claiming that defendants' violated his constitutional rights by denying him parole because of his refusal to participate in sex offender treatment). Because

7

the court is viewing this claim in the light most favorable to Abdulrazzak at this stage, the claim is not frivolous or malicious and may state a cause of action. While defendants claim that Abdulrazzak has not provided the court with all the facts regarding his claim and may be less than candid with the court, at this stage the court can only consider the facts as alleged in the complaint and cannot consider matters outside of the pleadings. Therefore, the motion to amend Count II and add the parole officer as a named defendant is granted.

Finally, the second amended complaint also adds the treatment provider as a named defendant. The second amended complaint, however, contains no allegations that the treatment provider had the power to revoke Abdulrazzak's parole. Thus, it would be futile to allow an amendment of the complaint to add the treatment providers as named defendants in Count II.

### III.     Count III

In Count III, it appears that Abdulrazzak is raising claims against his parole officer/agent (Dusti Werner) and his parole agent supervisor (J.C. Smith). He claims that his rights were violated because defendants revoked his parole for failure to participate in sex offender treatment. The courts have found, however, that participation in a sex offender treatment program, as a condition of parole, does not violate an inmate's constitutional rights. *See Roman v. DiGuglielmo,* 675 F.3d 204 (3d Cir. 2012); *Schnitzler v. Reisch,* 518 F. Supp. 2d 1098 (D.S.D. 2007). Thus, to the extent Abdulrazzak claims his

rights were violated because he failed to participate in sex offender treatment, his claim is futile.

Abdulrazzak may also be claiming in Count III, that Werner and Smith violated his rights because they revoked his parole in retaliation for exercising his Fifth Amendment right to not incriminate himself. As discussed about regarding Count II, such an allegation is not futile and the motion to amend Count III to add this claim against Werner and Smith is granted.

## IV. Count IV

In Count IV, Abdulrazzak claims that Kaufman denied him treatment for PTSD in order to coerce him to agree to admit to his crimes, that he was completely denied access to legal assistance and computers to do legal research, and that he was denied the ability to do laundry multiple times. Docket 31-1 at 13-14. As the court previously found, the claim of deliberate indifference to serious medical needs and the denial of access to care claims state claims upon which relief can be granted. To the extent Abdulrazzak's second amended complaint adds additional facts to these claims, the motion to amend is granted.

## V. Count V

Abdulrazzak's proposed second amended complaint does not make any changes to Count V. For the reasons stated in docket 13, the court finds that Abdulrazzak states a claim that he was denied access to the courts by Werner.

## VI. Count VI

In Count VI, Abdulrazzak repeats the allegations concerning the changes in his parole conditions discussed above regarding Counts II and III. He adds that Werner and Kaufman deprived him of his cell phone, video visitation with his parents, calls to his niece, and Arabic-language media. As discussed above, the addition of these conditions did not violate Abdulrazzak's rights, and these conditions are the type of conditions that the Supreme Court found do not constitute compulsion under the Fifth Amendment. *See McKune*, 536 U.S. at 24. The court previously found that the first amended complaint failed to state a claim upon which relief may be granted, and dismissed this claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Abdulrazzak's second amended complaint adds an allegation that defendants were attempting to force him to admit guilt and that he lost some discretionary restrictions. This claim is already addressed in the discussion regarding Claims II and III and is repetitive. The motion to amend is denied.

## VII. Count VII

In Count VII, the court previously found that Abdulrazzak has properly stated a denial of access to the courts claim upon which relief may be granted against John Doe 1 and John Doe 2. Abdulrazzak now moves to add defendant Bertsch to count VII. Docket 44. The court finds that the motion to amend is proper and grants the motion to substitute Bertsch for John Doe 1.

**VIII. Motion to Respond to Answer and for Summary Judgment**

Abdulrazzak moves the court to respond to defendants' answer. A response to an answer is not a recognized pleading and is not necessary. Defendants did not plead a counterclaim in their answer, so no response is needed.

Abdulrazzak also moves for summary judgment. The South Dakota Civil Local Rules state "all motions for summary judgment must be accompanied by a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried." D.S.D. Civ. LR 56.1. Because the motion for summary judgment did not include a statement of material facts, the motion is denied.

**IX. Motion for Discovery**

Abdulrazzak attempted to have the amended summons served on defendant Joshua Kaufman. It was returned marked "RETURNED UNSERVED" by the United States Marshals Service. Kaufman was formerly an employee of Dakota Psychological Services and he contracted with the South Dakota Department of Corrections to provide treatment for the State's parolees and inmates. It appears Kaufman has moved away from South Dakota. Abdulrazzak has no contact information for Kaufman and as an incarcerated inmate does not have the ability to locate him. Abdulrazzak requests that the court order defendants to provide in a confidential memorandum a current address for Kaufman to the U.S. Marshals Service. Defendants have not responded to this motion. For good cause shown, the court grants

Abdulrazzak's motion and directs the Attorney General's office to provide a current address for Kaufman to the U.S. Marshals Service by December 22, 2017.

Thus, it is ORDERED

1. Abdulrazzak's motions to amend (Dockets 31 and 44) are granted in part and denied in part.

2. Abdulrazzak's motions to amend (Dockets 17 and18) are denied as moot.

3. Abdulrazzak's motion to discover the address of Kaufman (Docket 25) is granted.

4. The clerks office shall refile Docket 31-1 as Abdulrazzak's second amended complaint.

5. Abdulrazzak's claims against Werner and Smith (Counts II and III) of revoking his parole in retaliation for exercising his Fifth Amendment right to remain silent, his deliberate indifference claim against Kaufman (part of Count IV), his denial of access to the courts claim against Werner (Count V), and his denial of access to the courts claim against Bertsh (Count VII) survive screening under 28 U.S.C. § 1915A(b)(1).

6. The remainder of Abdulrazzak allegations fail to state a claim upon which relief may be granted, and these claims are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Dennis Kaemingk, Aaron Miller, SD. Board of Pardons and Paroles, Doug Clark, Robert

Dooley, Susan Jacobs, Kim Lippincott, Dakota Psychological Services LLC, Joseph Siemonsma, Robert Berthelson, Greg Erlandson, and Myron Rau are dismissed as defendants.

7. The Clerk shall send blank summons forms to Abdulrazzak so he may cause the summons and second amended complaint to be served upon J.C. Smith and Bertsch. The Clerk shall also send a blank summons form to the Attorney General so he may provide the address to the U.S. Marshal of Joshua J. Kaufman for service of the summons and second amended complaint on Kaufman.

8. The United States Marshal shall serve a copy of the second amended complaint (Docket 31-1), Summons, and this Order upon defendants as directed by Abdulrazzak. All costs of service shall be advanced by the United States.

9. Defendants will serve and file an answer or responsive pleading to the remaining claims on or before 21 days following the date of service.

10. Abdulrazzak will serve upon defendants, or, if appearance has been entered by counsel, upon their counsel, a copy of every further pleading or other document submitted for consideration by the court. He will include with the original paper to be filed with the clerk of court a certificate stating the date and that a true and correct copy of any document was mailed to defendants or their counsel.

11. Abdulrazzak will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

12. Abdulrazzak's motions to respond to answer and for summary judgment (Docket 33) are denied.

Dated December 12, 2017.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE