UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| HAIDER SALAH ABDULRAZZAK,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>J.C. SMITH, DUSTI WERNER, JUSHUA J. KAUFMAN, F/N/U BERTSCH, and JOHN DOE 2,<br><br>　　　　Defendants. | 4:17-CV-04058-KES<br><br><br>ORDER |

Defendants move the court to enter a protective order. Docket 29. Under Rule 26(c), "the court has discretion to stay discovery on other issues until the critical issue has been decided." 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2040 (3d ed. 2010). A stay of discovery is within the district court's discretion and is reviewed by the appellate court for an abuse of that discretion. *Steinbuch v. Cutler*, 518 F.3d 580, 588 (8th Cir. 2008) (citing *Lakin v. Prudential Secs., Inc.*, 348 F.3d 704, 713 (8th Cir. 2003)); *see also Maune v. Int'l Bhd. of Elec. Workers, Local No. 1, Health & Welfare Fund*, 83 F.3d 959, 963 (8th Cir. 1996) (upholding the district court's granting of a party's request to stay discovery). "[T]he driving force behind creation of the qualified immunity doctrine was a desire to insure that insubstantial claims against government officials [will] be resolved prior to discovery." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Because the qualified immunity issue may be dispositive, the court grants defendants' motion to stay discovery.

Plaintiff moves for discovery. Docket 28. Because discovery is stayed, the court denies as moot plaintiff's motion for discovery. Defendants should be aware, however, that after litigation has commenced, they have an obligation to preserve the evidence relevant to this litigation and not destroy any such evidence. Failure to preserve the evidence in defendants' custody may result in sanctions being imposed.

Plaintiff also moves for a temporary restraining order and injunction. Dockets 35 and 37. The burden is on the moving party to establish the need for a preliminary injunction. *Dataphase Sys., Inc. v. C L Sys., Inc.,* 640 F.2d 109, 114 (8th Cir. 1981). In determining whether to grant a preliminary injunction, the court is to consider: (1) the probability of the movant's success on the merits; (2) the threat of irreparable harm; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of the preliminary injunction is in the public interest. *Id.* Plaintiff contends that a temporary restraining order/preliminary injunction is necessary because defendants destroyed evidence and deliberately sat on or tampered with his legal mail. If defendants did intentionally destroy evidence, that matter can be addressed through an adverse inference instruction. Furthermore, defendants have been warned by the court that they have an affirmative duty to preserve all evidence regarding this claim. Additionally, plaintiff has not provided any evidence, other than his accusations, that his mail was tampered with. At this stage of the proceedings, plaintiff has not made an adequate showing that he is likely to succeed on the merits or that he will be irreparably harmed.

Plaintiff also moves this court to impose sanctions against defendants. Docket 42. Defendants have not responded to this motion. Plaintiff alleges that defendants destroyed the audio recording of his preliminary hearing. Because the audio recording of a preliminary hearing is usually in the custody of the Clerk of Courts instead of the above-named defendants, the court denies the motion for sanctions. Because it has not been shown by plaintiff that these defendants had possession of the audio recording of the preliminary hearing, the motion for sanctions is denied. If plaintiff has some evidence that the audio recording was in the possession of these defendants, plaintiff can file a new motion for sanctions and the court will reconsider its ruling.

Thus, it is ORDERED that

1. Defendants' motion for a protective order (Docket 29) is granted. Defendants' motion for summary judgment based on qualified immunity is due by February 28, 2018.

2. Plaintiff's motion for discovery (Docket 28) is denied as moot.

3. Plaintiff's motion for a temporary restraining order and injunction (dockets 35 and 37) is denied.

4. Plaintiff's motion for sanctions (Docket 42) is denied.

Dated December 15, 2017.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE