UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| HAIDER SALAH ABDULRAZZAK,<br><br>Plaintiff,<br><br>vs.<br><br>J.C. SMITH, DUSTI WERNER, JUSHUA J. KAUFMAN, F/N/U BERTSCH, and JOHN DOE 2,<br>Defendants. | 4:17-CV-04058-KES<br><br>ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL |

Plaintiff, Haider Salah Abdulrazzak, is an inmate at the Mike Durfee State Prison in Springfield, South Dakota. He filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Abdulrazzak filed multiple motions to amend his complaint. Dockets 17, 18, 31, 44. The court granted Abdulrazzak's motions to amend (Dockets 31 and 44) and screened Abdulrazzak's second amended complaint (Docket 31-1) dismissing it in part and directing service in part. Docket 46. Abdulrazzak now appeals that order. Docket 58.

Under the Prison Litigation Reform Act (PLRA), a prisoner who "files an appeal in forma pauperis . . . [is] required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This obligation arises " 'the moment the prisoner . . . files an appeal.' " *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)). Therefore, " '[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " *Id.* (quoting *McGore v. Wrigglesworth*, 114 F.3d

601, 604 (6th Cir. 1997)). "[P]risoners who appeal judgments in civil cases must sooner or later pay the appellate filing fees in full." *Id.* (citing *Newlin v. Helman*, 123 F.3d 429, 432 (7th Cir. 1997)).

In *Henderson*, the Eighth Circuit set forth "the procedure to be used to assess, calculate, and collect" appellate filing fees in compliance with the PLRA. 129 F.3d at 483. First, the court must determine whether the appeal is taken in good faith. *Id.* at 485 (citing 28 U.S.C. § 1915(a)(3)). Then, so long as the prisoner has provided the court with a certified copy of his prisoner trust account, the court must "calculate the initial appellate partial filing fee as provided by § 1915(b)(1), or determine that the provisions of § 1915(b)(4) apply." *Id.* The initial partial filing fee must be 20 percent of the greater of:

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1). Nonetheless, no prisoner will be "prohibited from . . . appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

It appears that Abdulrazzak's appeal is taken in good faith. By filing a motion to appeal Abdulrazzak consented to the deduction of his initial partial appellate filing fee and the remaining installments from his prisoner account. *Henderson*, 129 F.3d at 484. Abdulrazzak did not file new prisoner trust account statement. *Id.* As a result, the initial appellate partial fees must be

2

assessed as "$35 or such other amount that is reasonable, based on whatever information the court has about the prisoner's finances." *Henderson*, 129 F.3d at 484. In the prisoner trust account report Abdulrazzak submitted for his previous motion for leave to proceed in forma pauperis, he reported average monthly deposits to his prisoner trust account of $91.67 and an average monthly balance of $46.62. Docket 3. Based on this information, Abdulrazzak may proceed in forma pauperis on appeal provided he pays an initial partial appellate filing fee of $18.33, which is 20 percent of $91.67.

Thus, it is

ORDERED that Abdulrazzak may proceed in forma pauperis on appeal. Abdulrazzak will make an initial partial appellate payment of $18.33 by **February 26, 2018**, made payable to the Clerk, U.S. District Court.

IT IS FURTHER ORDERED that the institution having custody of the Abdulrazzak is directed that whenever the amount in his trust account, exclusive of funds available to him in his frozen account, exceeds $10, monthly payments that equal 20 percent of the funds credited to the account the preceding month shall be forwarded to the United States District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the appellate filing fee of $505 is paid in full.

DATED this 26th day of January, 2018.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE